STATE OF MINNESOTA

IN SUPREME COURT

A23-0302

Court of Appeals                                              Thissen, J.
                                                  Took no part, Gaïtas, J.

Benda for Common-sense,
a Minnesota Non-Profit Corporation, et al.,

                          Appellants,

vs.                                              Filed: November 12, 2025
                                                Office of Appellate Courts

Denise Anderson, Director of
Rice County Property and Tax Elections,

                          Respondent,

Minnesota Secretary of State Steve Simon,

                          Respondent.

_____


Matthew L. Benda, Ashley A. Olson, Peterson, Kolker, Haedt & Benda, Ltd., Albert Lea, Minnesota, for appellants.

Ann R. Goering, Jordan H. Soderlind, Ratwik, Roszak & Maloney, P.A., Saint Paul, Minnesota, for respondent Denise Anderson.

Keith Ellison, Attorney General, Nathan J. Hartshorn, Emily B. Anderson, Assistant Attorneys General, Saint Paul, Minnesota, for respondent Minnesota Secretary of State Steve Simon.

_____

S Y L L A B U S

Appellants' claim under Minnesota Statutes section 204B.44 seeking to restrain respondent county official from engaging in alleged wrongful acts, errors, or omissions related to the 2022 general election is moot.

Affirmed on other grounds.

O P I N I O N

THISSEN, Justice.

Appellants Benda for Common-sense and Kathleen Hagen (referred to collectively as Benda) filed a complaint and petition under Minnesota Statutes section 204B.44 seeking to restrain respondent Denise Anderson, the Director of Rice County Property Tax and Elections[1] from using embedded modems in Rice County's electronic voting system during the 2022 general election. The 2022 general election occurred on November 8, 2022.

The district court dismissed the case. As relevant here, the district court dismissed the section 204B.44 petition in January 2023, concluding it lacked subject matter jurisdiction. The court of appeals affirmed that determination, concluding the district court lacked subject matter jurisdiction because of Benda's failure to serve the section 204B.44 petition on all candidates on the 2022 ballot. We do not reach that issue and take no position on whether non-compliance with the service-of-process requirements on all candidates under section 204B.44 is a jurisdictional bar. Instead, we hold that Benda's

---

[1]     Respondent Denise Anderson states in her brief that she is the Director of Rice County Property Tax and Elections, a different title from the one provided in the caption of this case.

section 204B.44 petition related to the 2022 election is moot because that election has already occurred. We thus affirm in part, to the extent the court of appeals affirmed the district court's dismissal of the section 204B.44 petition, although we do so on other grounds.

## FACTS

Benda filed a three-count complaint and petition in Rice County district court on August 23, 2022, of which one count is before us.[2] That count alleged that Rice County "intend[ed] to utilize an Electronic Voting System that has hardware, software or features that are not properly approved, certified or secure . . . in the November 8, 2022 election" and that such use of an electronic voting system "constitutes a 'wrongful act, omission or error' pursuant to Minnesota Statute § 204B.44[a](4)." Benda asserted that the "hardware, software or features" in dispute were modems embedded in the voting machines used in Rice County.[3]

---

[2] The first two counts sought information under Minnesota Statutes chapter 13, the Minnesota Government Data Practices Act (MGDPA). The district court also dismissed those counts. Benda sought review of the dismissal of the MGDPA counts in the court of appeals. *Benda for Common-sense v. Anderson*, 999 N.W.2d 893 (Minn. App. 2023). The court of appeals affirmed the dismissal of those counts. *Id.* at 901–02. Benda did not appeal the dismissal of those counts to us.

The one count that is before us was brought under Minn. Stat. § 204B.44. We observe that section 204B.44 claims are typically asserted in a separate petition rather than a count in a civil complaint. Minn. Stat. § 204B.44(a) (stating that "[a]ny individual may file a petition in the manner provided in this section for the correction of any [specified] errors, omissions, or wrongful acts which have occurred or are about to occur"). No party argues that the form of pleading requires dismissal and we express no opinion on that issue.

[3] Benda asserted two types of errors regarding these embedded modems: first, a violation of the Secretary of State's duty to certify all electronic voting systems used in the State under Minnesota Statutes section 206.57, subdivisions 1, 6; and second, a violation

3

The suit named Denise Anderson, the Director of Rice County Property Tax and Elections, as the defendant, and Benda properly served Anderson with a copy of the complaint and a summons. Benda served no one else. Secretary of State Steve Simon (the Secretary) intervened as a defendant and is a proper party to the dispute. *See* Minn. R. Civ. P. 24.03.

In September 2022, Benda moved the district court for an order prohibiting Anderson from using any modem function in the electronic voting machines in Rice County and requiring Anderson to submit certification that the modem functions had been disabled or otherwise made inoperable. Benda also asked that the court require Anderson to publish the court's order and distribute it to election officials. Both Anderson and the Secretary filed answers and motions asserting, among other things, that the district court did not have subject matter jurisdiction under Minnesota Statutes section 204B.44. The district court held a hearing on the motion on October 26, 2022, and took the matter under advisement. The district court did not issue any order or decision before the November 8, 2022 election, which went forward as scheduled.[4]

---

of the modem ban in Minnesota Statutes section 206.845. Because we affirm the district court's dismissal based on mootness, we take no position on the merits of Benda's claims. Sections 206.57, subdivision 1, and 206.845 were amended in 2023 and 2025, but the changes do not affect the analysis here.

[4] This case presented several challenging procedural and substantive issues for the district court. District courts generally have 90 days to decide "questions of fact and law, and all motions and matters submitted to a judge for a decision in trial." Minn. Stat. § 546.27, subd. 1(a). We urge all courts to prioritize claims properly and timely brought under section 204B.44 and resolve the issues before challenged elections occur whenever possible. *See* Minn. Stat. § 204B.44(b) (providing that "[t]he court shall issue its findings and a final order for appropriate relief as soon as possible after the hearing").

4

On January 17, 2023, the district court dismissed Benda's section 204B.44 claim for lack of subject matter jurisdiction. It noted four jurisdictional defects in the claim: (1) the 2022 election had passed and thus the claim was moot; (2) Benda's requested relief went to "general election issues outside the scope" of section 204B.44; (3) the petition should have been filed with the Minnesota Supreme Court because the challenged Rice County ballot was to record votes in state office elections; and (4) there was insufficient service of process because Benda failed to serve the complaint on "all candidates for office" on Rice County's ballot as required by section 204B.44(b).

Benda appealed and the court of appeals affirmed the district court's dismissal of the section 204B.44 claim, concluding that Benda was required—and failed—to serve all candidates on the ballot. *Benda for Common-sense v. Anderson*, 999 N.W.2d 893, 900–01 (Minn. App. 2023). Because the court of appeals determined the district court lacked subject matter jurisdiction based on insufficient service, it did not reach the other potential defects the district court identified. *Id.* at 901. Benda sought this court's review. We granted review but stayed the appeal pending our opinion in *Rued v. Commissioner of Human Services*, 13 N.W.3d 42 (Minn. 2024). After *Rued* was issued, we lifted the stay. We now conclude that Benda's section 204B.44 claim is moot. In so holding, we affirm the court of appeals' conclusion that the district court lacked jurisdiction, but on alternative grounds, without reaching the court of appeals' basis for its conclusion.

## ANALYSIS

The issue before us is whether the district court had subject matter jurisdiction to hear Benda's section 204B.44 claim.[5]  Courts hear only live, justiciable controversies. *Growe v. Simon*, 2 N.W.3d 490, 499–500 (Minn. 2024).  A justiciable controversy exists when "the claim (1) involves definite and concrete assertions of right that emanate from a legal source, (2) involves a genuine conflict in tangible interests between parties with adverse interests, and (3) is capable of specific resolution by judgment rather than presenting hypothetical facts that would form an advisory opinion." *Onvoy, Inc. v. ALLETE, Inc.*, 736 N.W.2d 611, 617–18 (Minn. 2007).  Cases are moot, and therefore nonjusticiable, when "a decision on the merits is no longer necessary or an award of effective relief is no longer possible." *Winkowski v. Winkowski*, 989 N.W.2d 302, 307–08 (Minn. 2023) (citation omitted) (internal quotation marks omitted).[6]  We review justiciability issues, such as whether a claim is moot, de novo. *Dean v. City of Winona*, 868 N.W.2d 1, 4 (Minn. 2015).

---

[5]    Section 204B.44 was amended in 2025, but the change does not affect our analysis here.  Minn. Stat. § 204B.44, *as amended by*, Act of May 23, 2025, ch. 39, art. 8, § 58.

[6]    Even if a case is moot, we may, in our discretion, hear the case under certain limited circumstances that we refer to as exceptions to mootness.  *See, e.g.*, *Snell v. Walz*, 985 N.W.2d 277, 284 (Minn. 2023) (stating that "mootness is not a mechanical rule that is automatically invoked whenever the underlying dispute between the parties is settled or otherwise resolved; it is a flexible discretionary doctrine" (citation omitted) (internal quotation marks omitted)).  Benda, who bears the burden of proving that an exception to mootness applies, *id*. at 287, does not argue that any exception applies.  We decline to exercise our discretion to apply an exception to mootness in this case.

Benda's section 204B.44 claim alleged that Rice County was planning to use voting machines with embedded modems contrary to Minnesota law in the 2022 general election. The relief requested was an order restraining Rice County from using alleged improperly certified electronic voting systems and preventing Rice County from using any modem function in the 2022 election.[7] The 2022 general election is over. Nothing we order can change the voting machines used two election cycles ago. The claim is therefore moot.

Benda argues the claim is not moot because the problem it identifies will affect all future elections in which Rice County uses the same electronic voting systems that it used in 2022. We find the argument unpersuasive.

Benda argues it can bypass this requirement for a live, justiciable controversy by shifting its claim midstream and asserting that its complaint now pertains to the November 2026 election rather than the November 2022 election. Benda cites *Martin v. Simon*, 6 N.W.3d 443 (Minn. 2024), as precedent. Benda asserts that in *Martin*, the petitioner "relied upon its February 14, 2024, Memorandum in clarifying its election designation," and it, likewise, can clarify which election it is disputing to this court. The procedural postures of this case and *Martin*, however, are distinct.

---

[7]    In the prayer for relief in its complaint and in its motion seeking an order restraining Anderson from using the voting machines, Benda did not use the term "2022 election." In count three, however, Benda specifically identified the "use of an Electronic Voting System *in the November 8, 2022 election* that has hardware, software or features that are not property [sic] approved, certified or secure" as the wrongful act, omission or error about which it was concerned. (Emphasis added.) By its own pleading, then, Benda was disputing the means used to conduct the 2022 general election.

*Martin* originated with a section 204B.44 petition filed directly in our court requesting decertification of a political party as a major political party and an "order that [this party's] candidates for partisan offices cannot use the ballot access procedures for major political parties in the 2024 state primary and general elections." *Martin*, 6 N.W.3d at 446. After receiving the petition, we issued a scheduling order that asked Martin to identify the "relevant dates by which a decision of this court is necessary" and "whether [Martin wa]s seeking any relief related to the 2024 Minnesota presidential nomination primary." *Martin v. Simon*, No. A24-0216, Order at 2 (Minn. filed Feb. 8, 2024). Martin complied, filing a memorandum on February 14, 2024, stating that he was seeking a ruling "before May 21, 2024, which is when the candidate filing period begins" for the 2024 elections and that he was not seeking any relief "related to the 2024 Presidential Nomination Primary."

No such scheduling order was issued here, nor is there any confusion about the election for which Benda was seeking relief. Nothing from *Martin*—or any of our precedents—suggests that a section 204B.44 petitioner may "designate" a different election from that referenced in their petition during an appeal in order to bypass mootness concerns. Benda must file a new petition if it wishes to challenge a procedure for the 2026 election because the claim at issue was confined to the 2022 general election; it cannot change the claim at this stage.

More broadly, Benda's contention that it can shift the focus of its claim to a different, future election runs contrary to section 204B.44. Section 204B.44 may be used only as a procedural mechanism to bring "a challenge in the context of a *single specific*

8

*election*, rather than a challenge to election policies generally." *Minn. Voters All. v. Simon*, 885 N.W.2d 660, 665 (Minn. 2016) (emphasis in original); *see also Minn. Majority v. Ritchie*, No. A09-0950, Order at 5–6 (Minn. filed July 22, 2009) (noting that section 204B.44 allows correction of wrongful acts, omissions, or errors concerning "*an election*" and dismissing claim that did not seek relief specific to a particular election (emphasis added in *Minn. Majority*)). The single specific election Benda identified in the claim at issue in this case is the 2022 election. Accordingly, while Benda's initial claim concerned election procedures—the use of allegedly illegal voting machines—in the 2022 election, its argument to avoid mootness transforms the claim into a challenge to election policies generally.

Further, any claim about the 2026 election is not ripe. "We decide present problems, not hypothetical ones." *Growe*, 2 N.W.3d at 499. "Issues which have no existence other than in the realm of future possibility are purely hypothetical and are not justiciable." *Id.* (citation omitted) (internal quotations omitted). Benda argues that the claim related to the 2026 election is justiciable because Anderson and the Secretary have not affirmatively stated they will use different machines in that election. It is not clear that Anderson and the Secretary have a duty to make such a declaration, and we do not reach that issue because, even if such a duty exists, Benda's argument turns the ripeness inquiry on its head. Benda has the burden to prove ripeness, yet it does not allege or identify any evidence indicating the type of voting system that Rice County will use in 2026. *See Emery v. Simon*, 22 N.W.3d 141, 142 (Minn. 2025) (order) (concluding section 204B.44 petition was not

9

ripe because the petitioner neither "alleged nor presented evidence" indicating that alleged ballot error was "nearly certain" to occur on a 2026 ballot).

Benda's section 204B.44 petition sought an order prohibiting Rice County from using electronic voting systems that it claimed were improperly certified in the 2022 general election. That election has come and gone. Accordingly, Benda's 204B.44 claim is moot and its arguments for why its claim is not moot lack merit. We therefore agree with the district court that Benda's section 204B.44 claim should have been dismissed on mootness grounds. Thus, while we affirm the court of appeals' decision that the district court properly dismissed Benda's section 204B.44 claim, we do so on the alternative grounds of mootness and do not reach or take any position on whether service of process on all candidates is a jurisdictional requirement under Minnesota Statutes section 204B.44 in this case.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals but do so on alternative grounds.

Affirmed on other grounds.

GAÏTAS, J., took no part in the consideration or decision of this case.

10